STATE OF NEW HAMPSHIRE *v.* THE GRAND TRUNK RAILWAY.

*(Circuit Court, D. New Hampshire.* October 8, 1880.)

1. STATE STATUTE—STATE COURT—CONSTRUCTION.—In construing local or state statutes the federal courts will follow the construction given to such statutes by the highest courts of the respective states.

2. REMOVAL—CRIMINAL CASE—ACT OF MARCH 3, 1875.—The act of March 3, 1875, does not make provision for the removal of a criminal case from a state court to the federal courts upon a claim of alienage.

Motion to Remand.

*Mr. Ladd,* for the State.

*Ray, Drew & Jordan,* for the Grand Trunk Railway.

CLARK, D. J. At the supreme court of the state of New Hampshire, holden at Lancaster, in the county of Coos, on the fourth Tuesday of April, 1877, the Grand Trunk Railway, a corporation established under the laws of Canada, was indicted by the grand jury for that county for carelessly and negligently injuring one John E. Willis, at West Milan, in said county, so that he died of his injuries.

The statute of New Hampshire, under which the indictment was found, is as follows, (Gen. Laws N. H. 635, § 14:) "If the life of any person not in their employment shall be lost by reason of the negligence or carelessness of the proprietors of any railroad, or by the unfitness or gross negligence or carelessness of their servants or agents in this state, such proprietors shall be fined not exceeding $5,000, nor less than $500, and one-half of such fine shall go to the widow, and

the other half to the children of the deceased. If there is no child, the whole shall go to the widow, and if no widow, to his heirs, according to the law regulating the distribution of intestate estates."

Upon the finding of this indictment the railway was summoned to appear; and it did appear at the next November term of the court, and by its attorneys petitioned that the cause might be removed to this court, for the reason that the Grand Trunk Railway was a foreign corporation, established by the laws of Canada, an alien corporation, and because the penalty or fine to be imposed exceeded $500, exclusive of costs, to-wit, the sum of $5,000, which penalty or fine the complainants—the widow, administrator, and heirs of John E. Willis—were seeking to recover in the suit, or by this indictment.

Upon the filing of this petition, and the requisite bond, objection was made by the state that this was not a civil proceeding or suit, but was a criminal prosecution, and that it did not appear that the amount in dispute exceeded the sum of $500. The cause was, therefore, ordered "continued," and the question thus raised transferred to the full bench of the supreme court of the state. At the March term of that court, 1879, the court gave its opinion that the proceeding was not of a civil nature, but was a criminal proceeding to enforce a penalty for the "infraction of a state law."

In the meantime the cause was brought to this court, and entered here the May term, 1878. At the same term a motion was made to remand the cause to the state court, because, among other things, the cause was a criminal proceeding, and there is no sum in controversy exceeding the sum of $500. For the first of these reasons, if not for the other, we think the motion must be granted. It is well settled by numerous decisions that in construing local or state statutes the federal courts will follow the construction given to such statutes by the highest courts of the respective states.

Such decisions are, in some of the cases, said to be as binding as the text of the statute. *McKeen* v. *Delancy*, 5 Cr. 22; *Polk's Lessee* v. *Wendall*, 9 Cr. 87; *Thatcher* v. *Powell*, 6 Wheat.

119; *McDowell* v. *Peyton*, 10 Wheat. 454; *Shelby* v. *Guy*, 11 Wheat. 361; *McCheny* v. *Silliman*, 3 Pet. 270; *Harpending* v. *Dutch Church*, 16 Pet. 455; *Smith* v. *Kernocher*, 7 How. 198; *Nesmith* v. *Sheldon*, Id. 812; *Van Ransaler* v. *Kearney*, 11 How. 297; *Webster* v. *Cooper*, 14 How. 488, 504; *Leffingwell* v. *Warren*, 2 Blk. 599; *Gelpcke* v. *City Dubuque*, 1 Wall. 175; *Christy* v. *Pridgeon*, 4 Wall. 196; *Nichols* v. *Levy*, 5 Wall. 433; *City of Richmond* v. *Smith*, 15 Wall. 429.

So closely and carefully has this rule been followed that if the highest court of a state adopts new views as to the proper construction of a state statute, and reverses its former decision, the federal courts will follow the latest decision of the state court. *Leffingwell* v. *Warren*, 2 Black, 599; *United States* v. *Morison*, 4 Pet. 124; *Green* v. *Neal's Lessee*, 6 Pet. 291.

The supreme court of New Hampshire, the highest court of the state, having, in this case, given a construction to the statute that it is, in substance, a penal statute, and that a suit or proceeding upon it is a criminal proceeding, for an infraction of a law of the state, this court must adopt that construction. If so, it is quite clear this cause must be remanded to the state court. This court had no jurisdiction of the subject-matter of it when commenced. It has not now. The statute of 1875, (section 2, *c.* 137, vol. 18, p. 470, U. S. St. at Large,) under which it is claimed the removal of this cause is authorized, provides only for the removal of causes of a civil nature. This is criminal. There is no doubt that when there is proper authority for it a criminal case may be removed from a state court to the federal courts. It was so held in *Tennessee* v. *Davis*, 100 U. S. 257. But there is no provision for the removal of a cause like this under the act of March 3, 1875, on which the removal depends. The removal of the case of *Tennessee* v. *Davis* was under an entirely different statute and for an entirely different reason. In that case arose the question or right of the federal authorities to protect their officers in the discharge of their duty. Here is only a claim of citizenship or alienage, and it cannot be pretended, successfully, that the statute makes provision for the removal of a criminal cause on that account.