[No. 1,077.]

## M. C. LAKE, RELATOR, *v.* S. D. KING, RESPONDENT.

FINAL JUDGMENT—DIVORCE—APPEAL.—In an action for divorce, brought by Jane Lake against relator, the court, upon special issues of fact found by a jury, ordered that the bonds of matrimony existing between the parties be dissolved, and reserved from its decision the question of the division of the common property, and the question of the custody of their child: *Held*, that the judgment ordered by the court was not a final judgment in the case, and that no appeal could be taken from the orders made thereafter for alimony, and for counsel fees.

APPLICATION for mandamus before the Supreme Court.

The facts are stated in the opinion.

*R. M. Clarke*, for Relator.

*C. S. Varian*, and *Lindsey & Dickson*, for Respondent.

By the Court, LEONARD, C. J. :

Respondent is the acting and qualified judge of the second judicial district court in this state. At a prior date, Jane Lake commenced an action in said court against the petitioner, M. C. Lake, for a divorce from the bonds of matrimony, for a division of the alleged common property, and for the custody of a child of said Jane and M. C. Lake. Issues of fact were raised by petitioner in his answer, not only as to plaintiff's allegations upon which she claimed a divorce and custody of the child, but also as to the amount and value of the common property. At the trial the plaintiff demanded a jury, which was thereupon impaneled, and it was stipulated by counsel for the respective parties, in open court, that the question of the division or disposition of the alleged common property be withdrawn from the jury and reserved, and thereafter, if necessary, tried by the court, and it was so ordered. Special issues of fact were submitted to, and found by, the jury, and both parties moved for judgment thereon. The court granted plaintiff's motion for judgment, and ordered that the bonds of matrimony then existing between the parties be dissolved, and reserved from its decision the question of division of the common property, to be determined upon testimony thereafter to be taken by the court, and also the question of the custody of the child. Within five days, counsel for defendant filed and served a notice of motion for a new trial, and obtained an extension of time in which to file and serve statement, which motion is now pending. Subsequently sundry orders were made for the payment of alimony and counsel fees for plaintiff. Wishing to appeal from those orders, the defendant in that case and petitioner here, filed and served a statement on appeal therefrom, and applied to the court for a stay of proceedings upon the same, until his statement could be settled. The court refused to order a stay, upon the ground that the

orders mentioned were not appealable, and thereafter refused to settle and allow said statement for the same reason.

Petitioner applies for an alternative writ of mandamus, commanding respondent forthwith to settle said statement on appeal, or to show cause to this court why he has not done so.

The orders complained of are not included among those from which an appeal may be taken before final judgment. If an appeal lies from these orders it is because they are special orders made after final judgment. Was the judgment of divorce a final judgment? In *Perkins* v. *Sierra S. M. Co.*, 10 Nev. 411, this court said: "It is contended by appellant that the judgment was contingent and interlocutory, not final. What is a final judgment? This question has been frequently decided by the courts. A judgment or decree is final that disposes of the issues presented in the case, determines the costs, and leaves nothing for the future consideration of the court. When no further action of the court is required in order to determine the rights of the parties in the action, it is final; when the cause is retained for further action, it is interlocutory." (See, also, *State* v. *Logan*, 1 Nev. 514.)

By stipulation the issues in the divorce suit were only tried and settled in part, and the remainder were reserved for future action. The judgment was not final, and respondent did not err in refusing to settle a statement on appeal from the orders mentioned. Writ denied.