[No. 938.  Decided May 24, 1893.]

THE STATE OF WASHINGTON, *on the relation of H. L. Votaw, Assignee, et al.*, v. EMMETT N. PARKER, *Judge of the Superior Court of Pierce County.*

APPEALABLE ORDER—APPOINTMENT OF ASSIGNEE BY COURT—
MANDAMUS.

An appeal will not lie from an order of the superior court appointing an assignee in place of the one appointed by the assignor in his deed of assignment for the benefit of creditors; and, under such circumstances, the superior court cannot be compelled by *mandamus* to fix the amount of the *supersedeas* bond for an appeal from such order.

*Original Application for Mandamus.*

*Carroll & Carroll*, and *H. M. Hagerman*, for relators.

*Stevens, Seymour & Sharpstein*, for respondent.

The opinion of the court was delivered by

HOYT, J.—Relators sought to appeal from an order of the superior court appointing an assignee in place of the one named by the assignor in his deed of assignment, and asked the court to fix the amount of the *supersedeas* bond on such appeal.  This the court refused to do, and this proceeding has been instituted to compel such action on the part of the court by *mandamus*.  The general rule which requires superior courts to recognize attempted appeals, and do all things necessary to give full effect thereto, is well established by the authorities, and has been recognized and enforced by this court.  There is, however, in proceedings by *mandamus* another rule of equally general application fully established by the authorities, and that is that the courts will not compel, by their order in such proceedings, the lower court to do a vain and useless thing. Applying this rule to the facts shown by the petition in

this case, and it will be seen that, if, as a matter of fact, in the opinion of this court, no appeal would lie from the order made by the superior court, we would not compel the court below to take any steps in furtherance of the attempted appeal therefrom. Such steps on the part of the lower court would be absolutely useless, if, in fact, there could be no appeal from the order which was sought to be reversed thereby. It will, therefore, become necessary for us to determine in this proceeding whether or not the order in question is one from which an appeal will lie. If it is not, then, under the rule above announced, it will follow that the application for *mandamus* to compel the court to take action in pursuance of the attempted appeal must be denied. Our constitution provides that an appeal will lie to this court from the superior court in all actions and proceedings. This provision has been interpreted both by the legislature and the courts to provide for appeals only from final judgments and orders in such actions and proceedings. It follows that if the order in question is a final one in any action or proceeding, an appeal therefrom will lie. What was the action or proceeding pending in the superior court? Substantially it was the surrender by the assignor of his property to his creditors, and everything required by the statute to be done by the superior court was incidental to the main object of the statute and of the assignor to secure the application of such property to the payment of his obligations to all of his creditors equally. Incidental to such main object the statute has provided for the choice of an assignee—*First*, By the assignor himself, and, *second*, by the creditors and the court. And such choice of assignee, whether made by the assignor himself or in any other manner, is simply an incident to the main object of the proceeding, and cannot, in our opinion, be held to be a separate proceeding within the meaning of our constitution, or the statute enacted in pursuance thereof, giving this

court jurisdiction by appeal from all final orders entered therein.

It follows that under our interpretation of such constitutional and statutory provisions the order from which this appeal was sought to be taken was not one from which an appeal would lie. As we have before said, the appointment of the assignee is purely incidental to the proceeding, and it can make no material difference to the assignor, nor to the creditors, as to the person who should discharge the duties of such assignee, and therefore there is no reason whatever for holding that a question growing out of such appointment is so far a separate proceeding that final orders entered therein come within the statutory provision as to appeals. The assignor has surrendered his property to the jurisdiction of the court and his interest therein is terminated, excepting that he or any creditor would doubtless have the right to ask the court to prevent any improper conduct in relation thereto on the part of the assignee. Whether such assignee had been named by the assignor, or in some other manner, the assignor has no such interest in the determination of the question of his continuance in the position as gives him any standing to appeal from any order which the court may make in regard thereto. Such assignee is simply a trustee for the creditors and is subject to the orders of the court and to the provisions of the statute in discharging such trust, and has no direct personal interest in the subject thereof. It is conclusively presumed that for what he may do in connection therewith he will receive such payment as will justly compensate him for the services rendered, and no more. It follows that an appeal will not lie in his behalf.

Beside these reasons, founded directly upon the terms of the statute and the nature of the order, there are other reasons why such appeals should not be allowed. If so allowed, the orderly administration of such estates would be

greatly interfered with. In this case, from the facts shown by the record, it appears that the creditors and the court have for some reason found that the assignee named in the deed of assignment is not the one who should administer the trust, and if an appeal from the order designating some one to administer it in his stead is to be allowed, and upon such appeal the enforcement of such order be superseded, it will follow either that the administration of the estate must be suspended until the determination of the appeal, or that it must continue in the hands of the person whom the creditors and the court have for some reason decided not to be the one who should thus administer it. We have looked somewhat carefully into the authorities upon this subject, but have been unable to find a single case which would warrant us in holding that an appeal would lie from orders of this kind. The only case at all in point is one in the supreme court of the United States, in which it was held that an appeal would lie from an order fixing the compensation of a receiver, but this case does not seem to be at all decisive of the question at bar. There the receiver had a direct pecuniary interest in the subject matter of the order, and it was held that, in view of the fact that such receiverships frequently continued for years, public policy and justice demanded that orders made from time to time as to the compensation of such receivers for services rendered should be considered final orders. A further reason for holding that appeals in such cases should be allowed was, that no inconvenience could result therefrom as the administration of the trust would continue, and be unaffected thereby.

On the other hand we have examined numerous cases in which practically the question now under consideration was decided adversely to the contention of the relators. The cases of *Brigel v. Starbuck*, 34 Ohio St. 280, and *In re Graff et al., Appeal of Bailey*, 146 Pa. St. 415 (23 Atl. Rep. 397),

are directly in point, and seem to us to be decisive of this case.    See, also, cases of *Lake v. King*, 16 Nev. 215; *State v. Judge of the Third District Court of New Orleans*, 6 La. An. 484, and *Middleton v. McCullough* ( Ark.), 9 S. W. Rep. 844.

The petition for the writ of *mandamus* must be denied.

DUNBAR, C. J., and SCOTT, ANDERS and STILES, JJ., concur.