FOWLER et al. v. JARVIS-CONKLIN MORTGAGE TRUST CO.

(Circuit Court, S. D. New York. December 27, 1894.)

1. RECEIVERS—APPOINTMENT OF OFFICERS OF CORPORATION — PRIOR MISMANAGEMENT.

Officers of a corporation, appointed its receivers because its business was complicated, intricate, and widely extended, with millions of dollars invested upon small mortgages scattered through several states, will not be removed from the receivership because of former imprudent investments, and other mismanagement of the business of the corporation, as its officers, no fraudulent practices which would disqualify them being shown.

2. SAME—FILLING VACANCY UPON RESIGNATION—NOTICE TO INTERVENER PETITIONING FOR REMOVAL.

After the denial of an application by an intervener for removal of receivers, one of them voluntarily withdrew; and the vacancy was filled by

the court, of its own motion, appointing a new receiver. *Held*, that the fact that such intervener was not notified in advance of the court's action, nor consulted as to the selection of the new receiver, was not ground for vacating the appointment; there being nothing to show unfitness or incompetence in the person selected, or sufficient reason to change the composition of the receivership.

This was a suit by Benjamin M. Fowler and others against the Jarvis-Conklin Mortgage Trust Company, in which Samuel M. Jarvis and Roland R. Conklin were appointed receivers of the defendant corporation. A petition for their removal, filed by Elizabeth Garnett, intervening, was denied. 63 Fed. 888. Thereafter, the intervener again moved for their removal, and the receiver Jarvis having resigned, and the court having, of its own motion, filled the vacancy by appointing a new receiver, the intervener moved also to vacate the order of appointment.

The grounds of removal, on which the application was renewed, were charges of mismanagement of the business of the corporation by the receivers while its officers, of the same nature as the charges previously made, supported by affidavits, part of which had been filed on the first application in reply to affidavits on behalf of the receivers, but contained new averments as to the management of the corporation, which were not then considered, because not matter in reply to the affidavits or argument on behalf of the receivers. See 63 Fed. 889.

Fabius M. Clarke, for the motion.
Arthur H. Masten and Winslow S. Pierce, opposed.

LACOMBE, Circuit Judge. The papers submitted on the original motion, as well as those upon which the present application is based, have been examined, and the opinion heretofore expressed (63 Fed. 888) remains unchanged. No sufficient cause is shown for the removal of the receivers first appointed, nor is any necessity apparent for referring it to a master to take proofs on the points suggested, and already so fully covered by affidavits on both sides. The motion to remove the receivers first appointed is denied.

The new receiver was appointed by the court, ex proprio motu, to fill a vacancy caused by the voluntary withdrawal of one of those originally appointed, but whose withdrawal from further administration of the affairs of the receivership in no way relieved himself or his bondsmen from full accountability for all his transactions as receiver, nor himself from like accountability for any action as an officer of the company before its affairs were taken charge of by the court. The fact that the intervening petitioner was not notified in advance of the court's action, nor consulted as to the selection of the new receiver, is no ground for reversing that action, there being nothing to show unfitness or incompetence in the individual selected. If the question of appointing receivers were now before this court as an original application, upon all the papers now on file, the course best fitted to secure a careful and intelligent administration of the extensive and complicated business of winding up the affairs of the corporation would indicate the selection of receivers, one of whom was wholly unconnected with its prior administration, and the other thoroughly familiar with the

same. The receivership is now thus constituted, and no sufficient reason to change its composition is shown. Motion to vacate the order of October 11, 1894, is denied.