ANGUS GUNN v. JOHN A. SMITH.[1]

January 21, 1898.

Nos. 10,935—(280).

Insolvency — Removal of Assignee — G. S. 1894, § 4248 — Order Not Appealable.

An assignee, under the insolvent law of 1881, has no interest in the trust which will give him a right of appeal from an order of court removing him pursuant to the provisions of G. S. 1894, § 4248.

Appeal by Angus Gunn from an order of the district court for Pine county, Crosby, J., removing him as assignee in insolvency of the estate of Elfstrand & Peterson, and appointing John A. Smith in his place. Dismissed.

[1] Reported in 73 N. W. 842.

Robert C. Saunders, for appellant.
Dodge & Hooker, for respondent.

MITCHELL, J.

The insolvents, Elfstrand & Peterson, under the insolvency law of 1881 made a general assignment of their property for the benefit of creditors in which they appointed Gunn assignee. Subsequently, upon the petition of a majority in number and amount of the creditors of the insolvents, the court made an order removing him as assignee, and appointing another in his place, pursuant to the provisions of statute. G. S. 1894, § 4248. Gunn now appeals from the order removing him.

He had no such interest in the trust as will entitle him to litigate the question of his removal. He was simply trustee for the creditors, and had no direct personal interest in the subject of the trust. Although he obtained his appointment in the first instance by the voluntary act of the insolvents, he was as much an officer of the court, and subject to its orders, as if he had been appointed by it. The only interest he had was the opportunity of earning compensation for his services as assignee. But this was not a vested property right, and gave him no legal or beneficial interest in either the execution or the subject-matter of the trust. The rule is well settled that a receiver cannot appeal from an order removing him, and every reason for that rule applies to an assignee in bankruptcy or insolvency. Any other doctrine would seriously interfere with the orderly administration of insolvent estates. We have in several instances entertained such appeals, but in these cases the question of the right of the assignee to appeal was not raised or brought to our attention.

That such an assignee has no right of appeal from an order removing him seems to be quite well settled in other jurisdictions, and the doctrine rests upon legal principles and considerations of public policy which we deem conclusive. See Brigel v. Starbuck, 34 Oh. St. 280–288; Campbell v. Miner, 3 Ohio N. P. 138, 1 O. L. D. 96, cited in Am. Dig. 1896, p. 2794; State v. Parker, 6 Wash. 411, 34 Pac. 149; Graff's Estate, 146 Pa. St. 415, 23 Atl. 397. An assignee under our insolvent law occupies a very different position

from an ordinary trustee of an express trust, who is not an officer of the court, and where the property intrusted to him is not in custodia legis.

Appeal dismissed.