### EDWARD T. YOUNG v. LOOMIS F. IRISH.[1]

May 29, 1908.

No. 15,769.

**Order not Appealable.**

An order removing a receiver appointed by the court to wind up the affairs of an insolvent corporation is not appealable, except when it goes beyond the fact of removal and adjudicates rights of the receiver, either in respect to the settlement of his account or the allowance of his compensation.

**Account of Receiver.**

The order of removal involved on this appeal construed, and *held* a mere order of removal, not involving any special right or interest of the receiver. He may present his claim for compensation and for a settlement of his account to the court for action, and his right to do so is in no manner prejudiced by the fact of his removal.

The attorney general having petitioned the district court for Goodhue county to remove Loomis F. Irish from his position as receiver of the Farmers' Indemnity Mutual Hail Insurance Company, because of misconduct, the court ordered the receiver to show cause why he should not be removed. At the time of hearing the receiver demurred to the petition. From an order, Williston, J., overruling the demur-

[1] Reported in 116 N. W. 656.

rer, removing the receiver and appointing a receiver in his place, Loomis F. Irish appealed. Motion to dismiss appeal granted.

*Johnson, Mohn & Mohn* and *D. C. Sheldon,* for appellant.

*E. T. Young,* Attorney General, *Sam J. Levy,* and *Chas. J. Laybourn,* Special Assistants to the Attorney General, for respondent.

BROWN, J.

In proceedings instituted by the attorney general in 1903 for the dissolution of the Farmers' Indemnity Mutual Hail Insurance Company, a corporation organized under the laws of the state, judgment was duly rendered dissolving the corporation and appointing appellant, Loomis F. Irish, receiver of the affairs of the corporation, with authority to take possession of and convert into money its property and effects and distribute the proceeds among its creditors. He qualified and entered upon the discharge of the duties of his trust and thereafter continued in the exercise thereof until removed as presently to be mentioned. In November, 1906, he filed with the court from which he received his appointment a final account, showing the property which had come into his hands, the value thereof, and the total disbursements made in the management of the estate, not including, however, any charge for his personal services. No application was ever made for the settlement of this account, or for the allowance of the receiver's compensation, and no action thereon has ever been taken by the court. In March, 1908, the district court having charge of the trust, on application of the attorney general and due notice to the receiver, removed him from his office for alleged misconduct, and directed that he turn over and deliver to his successor, who was named in the order of removal, all property in his possession belonging to the concern and the sum of $1,306.94, the balance of money in his hands as shown by his final account. From this order the receiver appealed, and the respondent moved to dismiss the same, on the ground that the order was not appealable.

That an order removing a receiver is not appealable was affirmatively held in Gunn v. Smith, 71 Minn. 281, 73 N. W. 842, and the rule there laid down is followed by the authorities generally. Smith, Rec., 564; Beach, Rec., § 782. Counsel for appellant do not controvert this rule as applied to a simple order of removal not involving any of

the vested rights of the receiver, but they insist that the order in this case was in effect a settlement of his account and a refusal by the court to allow him any compensation for his services; hence more than a mere order of removal, which is discretionary with the court. If the order is susceptible of 'this construction, counsel are entirely right. Knabe v. Johnson (Md.) 69 Atl. 420. The receiver cannot be deprived of a hearing upon the merits of his claim for services by an order removing him from his post. But the order under consideration should not be so construed. That there may be no misunderstanding of its scope and effect we take occasion to say that it should not be treated in the light viewed by appellant. The receiver's claim for compensation was not before the court at the hearing on the application for his removal, nor did he then apply to have his account settled or compensation allowed him. The sole question passed upon by the court was the propriety of a removal being ordered. There was evidently no intention either to settle the receiver's account or to deny him a hearing on the question of his compensation. The order should be so construed when the matter is returned to the court below for further proceedings. The receiver may present his claim for services and apply to the court for the allowance thereof and the settlement of his final account, and the fact that he has been required to turn the money and property in his hands over to his successor will in no manner militate against or prejudice his rights.

The objection made by appellant in the court below, and renewed in this court, to the effect that the attorney general has no interest in the receivership proceedings, and therefore no right to apply for a removal of a receiver, requires no extended discussion. A receiver in proceedings of this kind is an officer of the court, subject to its control in every respect and on all occasions. The court having acted in the order of removal of the receiver on the application of the attorney general, who commenced the action in which the appointment was made, the receiver is in no position to urge that the applicant was without interest or right to be heard. The court below might well have sustained the objection and awaited the wishes of the interested creditors; but it was not as a matter of strict legal procedure required to do so.

Appeal dismissed.