TWIN CITIES NATIONAL BANK AND HARRY M. TURNER v.
THE ANDERSON COMPANY.
LUMAN C. SIMONS, RECEIVER, AND ST. PAUL WHITE LEAD &
OIL COMPANY, APPELLANTS.[1]

October 5, 1923.

Nos. 23,706, 23,707.

### Removal of receiver.

A receiver has no interest in his position which entitles him to appeal from an order removing him, but he may appeal from that part which fixes his compensation. In making the transfer of property from the old receiver to the new, the rights of both can best be protected by application to the trial court and not by appeal from the order. Jurisdiction over the property gave the trial court power to remove the agent it had appointed and appoint another, and the validity of its order of substitution does not depend on previous notice to the creditors. [Reporter]

Appeal by Luman C. Simons from an order of the district court for Ramsey county which removed him as receiver of defendant company; appeal by the St. Paul White Lead & Oil Company, appearing specially, from an order of the same court, Bechhoeffer, J., denying its motion to set aside the order which removed Luman C. Simons as receiver; and appeal by plaintiff from the same order. The motion of the Midland National Bank to dismiss all the appeals was granted. Appeals dismissed.

*Moore, Oppenheimer, Peterson & Dickson, Ambrose Tighe,* and *George G. Chapin,* for appellants.
*Ueland & Ueland,* for respondent.

PER CURIAM.

It appears that defendant, a manufacturer of farm implements, although possessing assets largely in excess of all liabilities, was unable to obtain sufficient ready money to pay past due and pressing obligations. Plaintiff, a creditor, applied for the appointment of a receiver for defendant to which defendant consented. Thereupon the court appointed as such receiver Luman C. Simons, who was president of plaintiff and also a director of defendant and the trustee under a deed of trust executed by defendant. Simons duly qualified as receiver, and pursuant to the instructions of the court took charge of the business of defendant and proceeded to operate its plant. Thereafter the Midland National Bank, the largest creditor of defendant, on its own behalf and on behalf of other creditors similarly

[1]Reported in 195 N. W. 273.

interested, made a motion to remove Simons as receiver and to limit the authority of the receiver to carry on the business. Notice of this motion was served on plaintiff and on Simons.

On June 11, 1923, the court made an order removing Simons and appointing Frederick M. Catlin as receiver in his stead, but denied the application to limit the powers theretofore conferred on the receiver. The receiver appealed from the order removing him and plaintiff also appealed therefrom. The St. Paul White Lead & Oil Company, a creditor of defendant, claiming to appear specially, made a motion to set aside the order removing Simons on the ground that it had been made without notice to that company, and appealed from an order denying its motion.

The Midland Bank moves this court to dismiss all three of the appeals for the reason that they were taken from nonappealable orders.

That a receiver has no interest in his position or in the subject matter of the trust of a nature which entitles him to litigate the question of his removal or appeal from an order removing him is well settled. Gunn v. Smith, 71 Minn. 281, 73 N. W. 842; Young v. Irish, 104 Minn. 367, 116 N. W. 656. If the order, in addition to removing him, also determines the amount of his compensation, or the amount of property for which he must account, he may appeal from that part of the order, but we find nothing to take the present case out of the established rule. We may note in passing that neither the ability nor the integrity of Simons is questioned in any way.

The order directed Simons to turn all the property of the company over to his successor forthwith upon the qualification of such successor, and to file his final account within 20 days after the making of the order. He calls attention to the fact that he has carried on the business and operated the manufacturing plant of the company for some 4 months, that the property and assets pertaining to the business and the obligations growing out of it are constantly changing owing to the necessary purchase of materials and the sale of the manufactured products, and that they will continue to change in like manner after the business has been taken over by his successor. And he urges that requiring him to turn over a going business forthwith gives him no sufficient opportunity to ascertain and inventory the property, effects and assets turned over, and that he will be unable to establish his right to be credited therefor in his final account. Also that it gives his successor no proper opportunity to ascertain and list what he receives and becomes responsible for. We think the outgoing and incoming receiver will be able to make the transfer from one to the other in such wise as to properly protect and secure the rights of both; but, if unable to do so, the remedy is not by an appeal from the order but by an application to the district court to provide for making the transfer

in such manner that the property transferred may be correctly credited to the one and charged to the other.

It is sought to sustain the appeal of plaintiff under subdivision 7 of section 8001, G. S. 1913, which authorizes an appeal "from a final order, affecting a substantial right, made in a special proceeding, or upon a summary application in an action after judgment."

We are of opinion that the removal of the receiver affected no substantial right of plaintiff and that plaintiff is not entitled to appeal therefrom. Neither a party nor a creditor has a right to have any particular person appointed or retained as receiver. The receiver is the officer and agent of the court—the arm by which the court acts—and the court which appointed him has the undoubted right to remove him and substitute another. 23 Am. & Ang. Enc. (2d ed.) 1128; Clark, Recievers, § 680.

That the court had jurisdiction to appoint a receiver to take charge of defendant's property and that the appointment of the original receiver was legal and valid is not questioned. The court thereby acquired jurisdiction over the entire subject matter, and the receiver was merely the agent through whom it exercised control over the property. Its jurisdiction over the property gave it the power to remove such an agent and appoint another, and that it did so without notice to the White Lead Company or other creditors did not affect the validity of its action. N. Y. & W. U. T. Co. v. Jewett, 115 N. Y. 166, 21 N. E. 1036; In re Graff's Estate, 86 Neb. 535, 125 N. W. 1091; In re Premier Cycle Mnfg. Co. 70 Conn. 473, 39 Atl. 800; Fowler v. Jarvis-Conklin M. T. Co. 66 Fed. 14. Such creditors had no legal right to have the original receiver continued in office, and neither the order removing him nor the order refusing to vacate that order affected any of their substantial rights.

We are of opinion that all three of the appeals must be dismissed, for the reason that the orders sought to be reviewed are not appealable. It is so ordered.

Holt, J., took no part.